UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joan Ball,

        Plaintiff,                                   Case No.: 16-11475

                                                          Hon. Victoria Roberts

v.

Federal National Mortgage Association,
*as Trustee for FannieMae Guaranteed Remic Pass-Through*
*Certificates FannieMae Remic Trust 2004-W12*, and

PHH Mortgage,
*formerly known as*
Cendant Mortgage Corporation,

        Defendants.
_____

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

**I.    Introduction**

       Joan Ball filed a four count Complaint against Defendants Federal National

Mortgage Association ("Fannie Mae") and PHH Mortgage ("PHH").  Ball alleges

violations of: the Truth in Lending Act ("TILA"); MCL 565.201; the Federal Racketeer

Influenced and Corrupt Organizations Act ("Civil RICO"); and the Real Estate

Settlement Procedures Act ("RESPA").

       Fannie Mae says it is improperly named as a trustee.

       Defendants filed a Motion to Dismiss the Complaint in its entirety.  The Motion is

**GRANTED**.  In her response, Ball requests leave to file an amended Complaint.  Her

request is **DENIED**; any amendment would be futile.

1

## II.    Background

The Complaint alleges that on October 26, 2004, Ball executed a promissory note ("Note") and granted PHH a mortgage in the amount of $101,872 for property located at 28666 Blackstone Dr., Lathrup Village, Michigan 48076.  Ball says PHH, formerly known as Cendant Mortgage Corporation, failed to record the mortgage in Oakland County.

On August 31, 2012, PHH filed an affidavit of lost mortgage, along with a copy of the mortgage.  The affidavit says a search of the records disclosed that Ball's mortgage was never recorded and that a copy of the mortgage was found in PHH's loan file.  The recording of the affidavit along with a copy of the mortgage perfected the lien.

On November 12, 2015, Ball says she learned Defendants failed to include and disclose certain charges.  Ball does not attach a copy to the Complaint or otherwise identify the document that allegedly contains an error.  She says some of the undisclosed charges were identified on the "settlement statement," where the amount financed is different than the sum included in the original Note.  *Id*.  Defendants clarify that Ball is referring to the HUD-1 Settlement Statement ("Settlement Statement") dated October 24, 2004 and attach a copy to their Motion.

Ball says Defendants miscalculated the annual percentage rate of the loan but fails to provide detail.  Ball does not explain the significance of the November 12, 2015 date, or describe how she became aware of any alleged errors.

The Complaint alleges PHH failed to establish it was ever in actual possession of the mortgage and therefore any interest it claims to have in the property is void.  Ball says PHH collected monthly mortgage payments from 2004 until 2012 without any

2

consideration and Ball made payments based on the belief that PHH had properly recorded.  She says she sent numerous correspondences to PHH, including requests for documentation, but PHH never responded.  Ball says Defendants collaborated together and executed a series of frauds and felonious crimes, which appear to arise from PHH's delay in recording the mortgage.  She claims she has a right to rescind the loan and asks for damages.

**III.    Motion to Dismiss**

Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).  Ball attached only one exhibit to her Complaint; a copy of the affidavit of lost mortgage filed by PHH and a copy of the mortgage.  Defendants attached a copy of the loan Settlement Statement and the Note as an exhibit to the Motion to Dismiss.  Ball attached several documents to her response including a document titled "release of lien and full reconveyance" and what purport to be several pieces of correspondence addressed to PHH.  The release of lien and full reconveyance document contains legal conclusions - it says the mortgage is void based on fraud.  It is also stamped by the Lamar Superior Court in Georgia, a rather strange fact and Ball does not explain. Defendants also attach a copy of Ball's July 6, 2016 monthly mortgage statement to their reply.

If matters outside the pleadings are presented to and not excluded by the Court on either a motion under Rule 12(b)(6) or 12(c), the motion must be treated as one for summary judgment under Rule 56.  FED. R. CIV. P. 12(d).

The Court concludes that the exhibits attached to the briefs need not be relied upon to resolve this motion; they are excluded.

### A.    Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). A complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint "must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citations omitted). Indeed, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; see also *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted).

4

**B.      Discussion**

**1.      Count 1: TILA against PHH and Fannie Mae is barred by the Statute of Limitations and Statute of Repose**

In Count 1, Ball alleges a violation of TILA, 15 U.S.C. §1601 *et seq.*, Regulation Z, § 226.18.  Ball says Defendants failed to properly include and disclose certain items in the finance charge resulting in an annual percentage rate that she alleges was calculated improperly on the wrong amount.  Count 1 also alleges PHH failed to respond to correspondence.  Ball says she did not learn about Defendants' failure to disclose until November 12, 2015.  Ball claims a right to rescind.

"[T]he purpose of TILA [is] to promote the informed use of credit by assuring meaningful disclosures and protecting against fraud, a purpose that requires TILA to be considered liberally in favor of the consumer."  *Patton v. Jeff Wyler Eastgate, Inc.*, 608 F. Supp. 2d 907, 915 (S.D. Ohio 2007) (citations omitted).  Regulation Z provides, in part, that "[t]he creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1); *Baker v. Sunny Chevrolet, Inc.*, 349 F.3d 862, 865-66 (6th Cir. 2003).

TILA claims have a one year statute of limitations.  15 U.S.C. §1640(e). Although Ball doesn't address tolling in her response, the Complaint says she first learned of Defendants' actions, including failure to disclose and fraud, on November 12, 2015.  Ball says any statute of limitations should run from this date.

"Although a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally not an appropriate vehicle for dismissing a claim based upon the statute of limitations, if the allegations in the complaint affirmatively show that the

5

2:16-cv-11475-VAR-MKM   Doc # 16   Filed 09/08/16   Pg 6 of 14   Pg ID 185

claim is time-barred, dismissing the claim under Rule 12(b)(6) is appropriate." *Cheatom v. Quicken Loans*, 587 F. App'x 276, 279 (6th Cir. 2014) (unpublished).

Since it is unclear whether Ball invokes tolling under the doctrine of equitable estoppel/fraudulent concealment ("fraudulent concealment") or the doctrine of equitable tolling, the Court addresses both. *See*, *Cheatom*, 587 F. App'x at 280.

Equitable tolling for TILA claims is available where a defendant has engaged in fraudulent concealment. *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984). For equitable tolling under the doctrine of fraudulent concealment, Ball must allege: "(1) defendants concealed the conduct that constitutes the cause of action; (2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitations period; and (3) until discovery, plaintiffs exercised due diligence in trying to find out about the cause of action." *Kanouno v. SunTrust Mortgage, Inc.*, No. 10-14724, 2011 WL 5984023, at *9 (E.D. Mich. Nov. 30, 2011) (citations omitted).

Although the Court reads Ball's *pro se* Complaint liberally, Ball has not sufficiently alleged fraudulent concealment. Ball says PHH failed to include and disclose certain charges. Ball has not alleged PHH took affirmative steps to conceal her cause of action. In *Kanouno*, the court held a plaintiffs' allegation that they were not provided with notices and disclosures in connection with a mortgage foreclosure was not enough to support equitable tolling. *Id.* at *7. To successfully allege fraudulent concealment, a plaintiff must allege conduct by the defendant "above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time." *Cheatom v. Quicken Loans*, 587 F. App'x 276, 281 (6th Cir. 2014) (unpublished).

6

The doctrine of equitable tolling by fraudulent concealment is distinguishable from equitable tolling, generally. *Id.* Equitable tolling applies when there is no allegation that the defendant acted improperly, and yet the plaintiff remains unaware of her causes of action despite exercising due diligence. *Id.*

When generally considering whether to toll a statute of limitations, the Sixth Circuit has identified five factors: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness i[n] remaining ignorant of the particular legal requirement." *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988) (abrogated on other grounds by *Patterson v. Lafler*, 455 F. App'x 606, 609 n.1 (6th Cir. 2012)); *Touqan v. Metro. Life Ins. Co.*, No. 2:11-CV-10708, 2012 WL 3465493, at *4 (E.D. Mich. Aug. 14, 2012) ("the Sixth Circuit has continued to apply the five-factor test in non-habeas cases"); *Cheatom*, 587 Fed. Appx. at 281.

A plaintiff seeking to invoke either doctrine must demonstrate that her ignorance is not attributable to a lack of diligence on her part. *See*, *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425 (6th Cir. 2009) (citing *Bridgeport Music, Inc., et al. v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir.2004)). Ball has not shown she exercised due diligence. Her reference to tolling in the Complaint is cursory. Additionally, she fails to address Defendants' arguments or demonstrate she meets the five-factor test.

In addition to the statute of limitations, TILA claims are subject to a three year statute of repose. *Kanouno v. SunTrust Mortgage, Inc.*, No. 10-14724, 2011 WL 5984023, at *8. The statute of repose limits the time an individual may rescind and it is

7

not subject to tolling.  *Thielen v. GMAC Mortgage Corp.*, 671 F. Supp. 2d 947, 955 (E.D. Mich. 2009).

The Mortgage was signed on October 26, 2004.  Ball's TILA claim and right to rescind is barred by the statute of limitations and the statute of repose.

Count 1 is **DISMISSED**

### 2.    Count 3: Civil RICO against PHH and Fannie Mae

Count 3 of the Complaint alleges violations of RICO arising out of an ongoing pattern of mortgage fraud by Fannie Mae and PHH.  Count 3 references multiple sections of the RICO statute.

The RICO statute provides, in part:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

To state a RICO violation, Ball must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).

Ball's conclusory allegations fail to identify an enterprise or a pattern of racketeering activities.

A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 US.C. §1961(4).  To establish an "enterprise" under § 1962(c),  Ball must show: "(1) an ongoing organization with some sort of framework or superstructure

8

for making and carrying out decisions; (2) that the members of the enterprise functioned as a continuing unit with established duties; and (3) that the enterprise was separate and distinct from the pattern of racketeering activity in which it engaged." *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 793 (6th Cir. 2012).  An "association-in-fact" enterprise must have at least three structural features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise." *Boyle v. United States*, 556 U.S. 938, 946 (2009).

Ball claims PHH and Fannie Mae "consummated, collaborated, and executed a series of frauds, theft, and felonious crimes . . . specifically by failing to perform under the terms and conditions of the mortgage, including but not limited to recording said document."  ECF No. 1 at 7.

Ball fails to allege a sufficient relationship between PHH and Fannie Mae to establish a RICO enterprise.  Even assuming they both were involved in the failure to record the mortgage, there is no allegation of an ongoing organization or pattern of activity.

In order to establish a pattern of racketeering activity, a plaintiff must allege the RICO enterprise engaged in "at least two predicate acts of racketeering activity occurring within a ten-year period."  *Moon v. Harrison Piping Supply*, 465 F.3d at 723.  A "predicate act" consists of indictable offenses under any of a number of federal statutes, including the mail and/or wire fraud statutes.  *Id.*  In *Moon*, the plaintiff adequately alleged two predicate acts, but failed to establish "a pattern of racketeering activity."  *Id.*  To properly allege a pattern, a plaintiff must satisfy both the relatedness and continuity requirements.  *Id.* at 724.

9

Even assuming the failure to record the mortgage is enough to be a predicate act, a single isolated event does not show a pattern.

Count 3 also references Sections 1962(a) and (d) but these claims also fail.

Section 1962(a) prohibits "the use or investment" of any income derived from a pattern of racketeering activity "in the establishment or operation of, any enterprise" engaged in or affecting interstate commerce. 18 U.S.C. §1962(a). See, *Berent v. Kemper Corp.*, 780 F. Supp. 431, 446 (E.D. Mich. 1991), aff'd, 973 F.2d 1291 (6th Cir. 1992). To state a claim under Section 1962(a), Ball must allege a separate injury stemming directly from Defendants' alleged use or investment of illegally obtained income in the RICO enterprise. *Barent*, 780 F.Supp. at 446.

Aside from failing to allege the existence of an enterprise, Ball also does not allege facts of any injury stemming from the alleged use or investment of racketeering funds.

To plausibly state a claim under 18 U.S.C. § 1962(d), Ball must successfully allege all the elements of a RICO violation, as well as "the existence of an illicit agreement to violate the substantive RICO provision." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 411 (6th Cir. 2012) (citations omitted). "An agreement can be shown if the defendant objectively manifested an agreement to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." *Id.*

Since Ball has not alleged all the elements of a RICO violation, it is not necessary to discuss the conspiracy claim.

Count 3 is **DISMISSED**.

10

### 3.   Count 4: RESPA against PHH and Fannie Mae is Barred by the Statute of Limitations

Count 4 contains several allegations under RESPA: (1) Defendants accepted charges for real estate services which were not performed; (2)  Ball submitted a Qualified Written Request ("QWR") which PHH did not acknowledge receipt of within the time period required by statute: and (3) Defendants failed to comply with requirements for escrow accounts and assignment.  For these failings, Ball claims she has the right to rescind.

Defendants say Ball's allegations are barred by the statute of limitations, and, alternatively, lack merit because the allegations are conclusory and unsupported. Additionally, Defendants say the allegations regarding the QWR request do not pertain to Fannie Mae.  As to PHH, Ball failed to allege facts that PHH failed to timely respond to a QWR request or that Ball suffered damages.

A QWR is a written correspondence that:

i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Violations of RESPA have either a one or three year statute of limitations depending on the section.  12 U.S.C. §2614.  "Both periods are measured from the 'occurrence of the violation.'"  *Golliday v. First Direct Mortgage Co.*, No. 09-CV-526, 2009 WL 5216141, at *6 (W.D. Mich. Dec. 29, 2009) (citing 12 U.S.C. § 2614).

The Complaint does not provide the dates for any alleged QWR requests or provide detail regarding what information was requested.  As an exhibit to her response,

11

Ball attaches several pieces of correspondence addressed to PHH.  Even if the Court considered these documents they do not help Ball; all are dated 2012 or earlier which is outside the three year statute of limitations period for claims under §2605.

Ball's other allegation, that PHH accepted charges for real estate services not performed, is also barred by the statute of limitations.  The Complaint does not list any actions other than the failure to properly record the mortgage.  Any action under §2607 is subject to a one year statute of limitations.  12 U.S.C. §2614.

As stated earlier, equitable tolling is available for TILA claims where a defendant has engaged in fraudulent concealment.  The Sixth Circuit has not ruled on the question of whether the RESPA statute of limitations is subject to equitable tolling.  *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 (6th Cir. 2009).  However, even assuming that RESPA is subject to equitable tolling, Ball fails to demonstrate it is appropriate here.

The facts do not warrant the application of either tolling doctrine.  Ball has not alleged defendants took affirmative acts to prevent her from learning about a cause of action or to prevent her from timely filing suit. Although she says she only learned of PHH's alleged failure to disclose on November 12, 2015, she provides no detail.  Her allegations of fraud are legal conclusions without factual support.  Ball has not established that she acted diligently or that she lacked notice of the filing requirement.

Count 4 is **DISMISSED**.

### 4.     Count 2: Accounting

This Order dismisses Ball's federal claims.  Count 2 is a state law claim requesting an accounting of Ball's loan because she made payments under the

12

presumption that PHH had properly recorded.  Ball says PHH's failure to record violates M.C.L. 565.201.

"[T]his circuit has adopted the position that the district courts have minimal discretion to decide pendent state law claims on the merits once the basis for federal jurisdiction is dismissed before trial."  *Province v. Cleveland Press Pub. Co.,* 787 F.2d 1047, 1055 (6th Cir.1986).  However, "overwhelming interests in judicial economy" may allow a district court to properly exercise jurisdiction over state law claims after the federal claim is dismissed.  *Id.*

The Court finds that its investment of time and judicial resources is not sufficient to justify retaining jurisdiction over this state law claim.

Count 2 is **DISMISSED** without prejudice.

## IV.    Leave to Amend

In her response, Ball requests leave to amend her Complaint. Ball did not file a formal motion to amend, nor does she attach a copy of her proposed amendment.

Amendment would be futile. Counts 1 and 4 are barred by the statute of limitations.  Ball's allegations in Count 3 fail to state a RICO violation. In her response, Ball disagrees that the Complaint lacks allegations of specific fraudulent activity. But, she does not provide additional facts sufficient to state a RICO violation or of fraudulent activity such that equitable tolling is appropriate.

Ball's request to amend the Complaint is **DENIED.**

## V.    Conclusion

Defendants' Motion to Dismiss is **GRANTED**. Counts 1, 3 and 4 are **DISMISSED**

13

with prejudice.  Count 2 is **DISMISSED** without prejudice.

**IT IS ORDERED**.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 8, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 8, 2016.

S/Carol A. Pinegar
Deputy Clerk

14